UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HARADEN MOTORCAR CORPORATION
d/b/a MOHAWK HONDA,

                Plaintiff,

- against -

NICHOLAS S. BONARRIGO,

                Defendant.

Civil No.: 1:19-CV-1079 (BKS/DJS)

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS
# PLAINTIFF'S AMENDED COMPLAINT

James R. Peluso, Esq.
(Bar Roll # 105634)
DREYER BOYAJIAN LLP
75 Columbia Street
Albany, NY 12210
Telephone: (518) 463-7784

*Attorneys for Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .......................................................................................1

III. STANDARD OF REVIEW ......................................................................................2

    A. Rule 12(b)(6) ................................................................................................2

    B. Rule 9(b) .......................................................................................................2

IV. ARGUMENT ............................................................................................................3

    A. The Amended Complaint Should Be Dismissed for Failure to
       Plead Fraud with Particularity Pursuant to Rule 9(b) ...................................3

        1. Rule 9(b) Applies to Each Cause of Action in the Amended Complaint ..........3

        2. Each Cause of Action Fails to Plead Fraud with Particularity ..........................4

    B. The Amended Complaint Should be Dismissed for Failure to
       Plead Sufficient Facts Pursuant to Rule 8 .....................................................9

    C. The Amended Complaint Should be Dismissed Because the Alleged
       Fraud was Disclosed and Known to Plaintiff .............................................11

    D. Dismissal on Statute of Limitations Grounds .............................................12

    E. Plaintiff's Unjust Enrichment Claim Should be Dismissed as Duplicative ...........13

    F. Plaintiff's Breach of Fiduciary Duty Claim Should be Dismissed as
       Duplicative ..................................................................................................14

        1. Plaintiff's Breach of Fiduciary Duty Claim is Duplicative of its
           Faithless Servant Claim ................................................................................14

        2. Plaintiff's Breach of Fiduciary Duty Claim is Duplicative of its
           Conversion Claim .........................................................................................14

CONCLUSION ................................................................................................................15

# TABLE OF AUTHORITIES

*Cases*

*Abraham v Am. Home Mortg. Servicing, In*c., 947 F.Supp.2d 222 (E.D.N.Y. 2013) ..................... 3

*Aramony v United Way of Am.,* 1998 WL 205331 (S.D.N.Y. Apr. 27, 1998) .............................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 2, 9, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 2, 9, 10

*Carco Group, Inc. v. Maconachy*, 718 F.3d 72 (2d Cir. 2013) ..................................................... 14

*Chem. Bank v. Shearson Lehman Bros., Inc.*, 1992 WL 183760 (S.D.N.Y. July 21, 1992) .......... 3

*Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777 (2012) ......................................................... 13

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*,
    837 F.Supp.2d 162 (S.D.N.Y.2011) ......................................................................................... 14

*Ellul v. Congregation of Christian Bros.*, 774 F.3d 791 (2d Cir. 2014) ....................................... 12

*G.K. Alan Assoc., Inc. v Lazzari*, 44 A.D.3d 95 (3d Dep't 2007) ................................................. 11

*Gold Sun Shipping Ltd. v. Ionian Transp. Inc.*, 245 A.D.2d 420 (2d Dep't 1997) ....................... 15

*HSH Nordbank AG v UBS AG*, 95 A.D.3d 185 (1st Dep't 2012) .................................................. 12

*Hudson v. Artuz*, 95 CIV. 4768 (JSR), 1998 WL 832708 (S.D.N.Y. Nov. 30, 1998) .................. 10

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009) ................................... 13

*In re Bishop*, 578 B.R. 158 (Bankr. W.D.N.Y. 2017) .................................................................... 8

*Ingrami v. Rovner*, 45 A.D.3d 806 (2d Dep't 2007) ..................................................................... 13

*Krys v. Pigott*, 749 F.3d 117 (2d Cir. 2014) .................................................................................. 2

*Lamdin v. Broadway Surface Adv. Corp.*, 272 N.Y. 133 (1936) .................................................... 4

*Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 478 Fed.Appx. 679
    (2d Cir. 2012) ............................................................................................................................ 7

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) ............................................................... 6

*Manbeck v. Micka*, 640 F.Supp.2d 351 (S.D.N.Y. 2009) ............................................................... 8

*Marcella v. ARP Films, Inc.,* 778 F.2d 112 (2d Cir.1985) .......................................................... 11

*O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2d Cir.1991) ............................. 5

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ........................................................................ 3

*Ross v. Bolton*, 904 F.2d 819 (2d Cir. 1990) ................................................................................ 2

*Schwartzco Enterprises LLC v TMH Mgt., LLC* 60 F.Supp.3d 331 (E.D.N.Y. 2014) ................... 5

*Sheehy v. Brown*, 335 Fed.Appx. 102 (2d Cir. 2009) .................................................................. 10

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ............................................ 3, 4, 7

*Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F.Supp.3d 377 (E.D.N.Y. 2018) ................... 13, 14

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) ...................................... 12

*Stuart Silver Assoc., Inc. v Baco Dev. Corp.*, 245 A.D.2d 96 (1st Dep't 1997) ........................... 11

*U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242 (S.D.N.Y. 2014) ..................... 4

*Underground Util., Inc. v. Comptroller of City of New York*, 170 A.D.3d 481
   (1st Dep't 2019) ....................................................................................................................... 13

*Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36 (1995) ............... 12

*Western Electric Co. v. Brenner*, 41 N.Y.2d 291 (1977) ............................................................ 14

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................................... 1, 9

Fed. R. Civ. P. 9(b) ............................................................................................................. 1, 3, 4, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

N.Y. CPLR § 213(8) ..................................................................................................................... 13

N.Y. CPLR § 214 .......................................................................................................................... 12

I. **INTRODUCTION**

Defendant Nicholas S. Bonarrigo submits this Memorandum of Law in support of his motion to dismiss the Amended Complaint of plaintiff Haraden Motorcar Corporation d/b/a "Mohawk Honda" pursuant to Rule 12(b)(6) for failure to state a claim. Each of plaintiff's causes of action should be dismissed for failure to plead fraud with particularity pursuant to Rule 9(b) and failure to plead sufficient facts pursuant to Rule 8. The entire amended complaint should also be dismissed because the alleged fraud and deceit was fully disclosed and known to plaintiff. One or more of plaintiff's claims should further be dismissed on statute of limitations grounds and/or as duplicative as set forth below.

II. **PROCEDRAUL AND FACTUAL BACKGROUND**

Plaintiff commenced this action on August 30, 2019. (Decl. Peluso, Ex. A). Although not pled by plaintiff, on August 30, 2019—the same day this action was commenced—plaintiff filed a separate complaint in New York State Supreme Court that repeated the same exact factual allegations and causes of action against a different defendant, Julie A. Harrison. (Decl. Peluso, Ex. C, *Haraden Motorcar Corp. v. Harrison*, NYS Sup. Ct., Schenectady County, Index. No. 201949079). Defendant moved to dismiss the complaint on October 21, 2019. (ECF Doc. 8). Plaintiff then filed an Amended Complaint on November 8, 2019. (Decl. Peluso, Ex. B).[1]

The amended complaint alleges that defendant inflated Mohawk Honda's net profits to increase his commissions from 2013-2018 by "carrying" and "holding" certain categories of expenses and write-offs until the month of December. *Id*. at ¶ 18. The categorized expenses include prepaid taxes, invoices, inventory, commission liabilities, fixed assets, depreciation, payroll and marketable securities. *See id*. Plaintiff's allegations rely on the false claim that defendant's

---

[1] In the New York State Supreme Court action, the defendant Julie A. Harrison, who is represented by separate counsel, has moved to dismiss the complaint. (Decl. Peluso, Ex. D, Aff. Julie A. Harrison, ¶ 1).

1

commission was only based on the company's net profits earned from January through November. *See id*. ¶ 15. Plaintiff also alleges that defendant received "unexplainable compensation" from 2013-2015 (*id.* at ¶¶ 24-25) and "undocumented" expense reimbursements. *Id*. at ¶26-30.

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft,* 556 US at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Also, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). If plaintiffs "have not nudged their claims across the line from conceivable to plausible, [those claims] must be dismissed." *Twombly* at 570.

### B.   Rule 9(b)

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of Rule 9(b)'s heightened pleading standard "is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based" and to "safeguard[] defendant's reputation and goodwill from improvident charges of wrongdoing." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) ("We recognize and

rigorously enforce these salutary purposes of Rule 9(b)."). To satisfy this Rule, a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). The Second Circuit requires that the plaintiff "allege facts that give rise to a strong inference of fraudulent intent." *Id*. Moreover, a plaintiff may not allege "fraud by hindsight." *Id. at* 1129 (2d Cir. 1994) (citations omitted).

**IV.   ARGUMENT**

    **A.   The Amended Complaint Should Be Dismissed for Failure to Plead Fraud with Particularity Pursuant to Rule 9(b)**

        *1.   Rule 9 Applies to Each Cause of Action in the Complaint*

Each cause of action in plaintiff's amended complaint is premised on alleged fraudulent conduct and should be dismissed for failure to comply with Fed. R. Civ. P. 9(b). "By its terms, Rule 9(b) applies to 'all averments of fraud.'" *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (holding Rule 9(b) standard applied to multiple causes of action in plaintiff's complaint based on the same course of alleged fraudulent conduct). "This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Id.* As explained by the Second Circuit, "[f]raud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case." *Id.; See e.g., Abraham v. Am. Home Mortg. Servicing, In*c., 947 F.Supp.2d 222, 234 (E.D.N.Y. 2013) (dismissing fraud, constructive fraud, unjust enrichment, intentional misrepresentation and negligent misrepresentation claims for failure to comply with heightened pleading standard under Rule 9(b)); *Chem. Bank v. Shearson Lehman Bros., Inc.*, 91 CIV. 4915, 1992 WL 183760, at *3

(S.D.N.Y. July 21, 1992) (stating that claims for breach of fiduciary duty, unjust enrichment and conversion "based mainly on [defendant's] fraudulent activities" must comply with Rule 9(b)); *Lamdin v. Broadway Surface Adv. Corp.*, 272 N.Y. 133, 138 (1936) (holding that a claim under the faithless servant doctrine is based on employee conduct that amounts to "a fraud upon the principal").

       2. *Each Cause of Action Fails to Plead Fraud with Particularity*

Each cause of action of plaintiff's amended complaint fails to plead fraud with sufficient particularity as required by Rule 9(b). To satisfy this heightened pleading requirement, "a complaint must allege with some specificity the acts constituting fraud ... conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994). Plaintiff's amended complaint, however, continues to offer only conclusory allegations that defendant caused inaccurate or false information to be recorded on the company's books resulting in an alleged overpayment of commissions. The amended complaint lacks any identifiable facts, other than generalized allegations concerning *categories* of expenses, to substantiate this conduct or to support an inference, let alone a "strong inference," of fraudulent intent. *Shields,* 25 F.4d at 1128. Moreover, on August 30, 2019 (the same day this action was commenced) plaintiff filed a complaint in New York State Supreme Court that repeats the same exact factual allegations and causes of action against a different defendant. (Decl. Peluso, Ex. B). The duplication of claims against different defendants in separate lawsuits illustrates plaintiff's shotgun approach that fails to satisfy Rule 9.

First, the claims against defendant fail to comply with "Rule 9(b) [which] requires that a plaintiff set forth the who, what, when, where and how of *the alleged fraud*." *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014) (citations omitted) (emphasis in

original). Plaintiff's amended complaint fails in its attempt to specify the alleged overpayments in "compensation," "commission" and "expense reimbursements" from 2013-2018 (Decl. Peluso, Ex. B, Am. Compl. ¶¶ 17, 26), fails to specify any alleged "devious, wrongful and deceitful actions" (*id*. at ¶18), fails to specify the "unexplainable compensation" from 2013-2015 (*id* at ¶ 24-25), and fails to specify the alleged "undocumented" expense reimbursments. *Id*. at ¶ 26-30.

The amended complaint further fails to explain why such overpayments, entries or accruals on the company's books and records were inaccurate, let alone explain why they were false or fraudulent. In fact, the amended complaint does not identify a single company book, record, ledger account, journal entry, financial statement, tax return or other document where the alleged inaccurate or false information is contained—despite the allegation that a "forensic accounting" was performed. *See id*. ¶ 16. Nor does the amended complaint allege who entered the purported inaccurate information on the company's books; whether it was discussed, reviewed or approved by the company' outside accountants; and why it failed to comply with industry standards or generally accepted accounting principles. Absent the pleading of any particular facts, defendant lacks "fair notice" to respond to the plaintiff's "charges of wrongdoing." *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991) (affirming dismissal of complaint under Rule 9(b)); *see also* Decl. Bonarrigo, ¶ 5 ("I still cannot properly defend against the claims, which continued to be conclusory and without any factual basis.").

As held by the court in *Schwartzco Enterprises LLC v. TMH Mgt., LLC*, 60 F Supp 3d 331, 345 (E.D.N.Y. 2014), the amended complaint fails to specify the who, what, when, where and how of the alleged fraud:

> In this regard, the Court finds that while the Plaintiffs have identified a number of financial figures in emails and spreadsheets which they contend were fraudulent in content, they fail to plead the circumstances constituting the fraud with the specificity required of

5

> Rule 9(b). In other words, while the Plaintiffs identify the "who"—albeit in collective terms; the "what;" and the "when" of the fraudulent scheme, they fail to adequately allege "how" and/or "why" the relevant statements or representations were fraudulent, conclusory assertions notwithstanding. For example, the Plaintiffs maintain that the Defendants' representations to them relied on faulty "assumptions;" "misrepresentative sampling" and "cherry picked data" but do little, if anything, to point to specific numbers that were falsified or misleading.
>
> Rather, the Plaintiffs cast an exceedingly wide net. According to the Plaintiffs, it seems each single figure fed to them by the Defendants was fraudulent. However, this "everything but the kitchen sink" pleading, which does little to explain the ways certain figures touted by the Defendants were inflated or distorted, is insufficient under the heightened pleading requirements of Rule 9(b).

60 F.Supp.3d at 345-46. Similarly here, the amended complaint casts an exceeding wide net over everything but the kitchen sink, including "prepaid taxes, invoices, inventory, commission liabilities, fixed assets, depreciation, payroll and marketable securities" but fails to identify specific expense numbers or book entries that were falsified or misleading.

Second, the amended complaint fails to "allege facts that give rise to a strong inference of fraudulent intent" by defendant. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *see also O'Brien, supra*, ("Essentially, while Rule 9(b) permits scienter to be demonstrated by inference, this 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.' An ample factual basis must be supplied to support the charges."). Here, the complaint fails to specify any particular facts establishing defendant's "motive and opportunity" to commit fraud, or "strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 290-91. The mere allegation that defendant's compensation included, in part, a commission based on net profit is insufficient to establish fraudulent intent. "'Incentive compensation can hardly be the basis on which an allegation of fraud is predicated. On a practical level, were the opposite true, the executives of virtually every corporation in the United States

6

could be subject to fraud allegations.'" *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1130 (2d Cir. 1994) (citation omitted); *see also Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 478 Fed.Appx. 679, 681 (2d Cir. 2012) ("When pleading that a defendant had a motive and opportunity to commit fraud, a plaintiff cannot rely on "a general profit motive common to all corporations."). The Second Circuit's admonition is applicable here where Plaintiff is looking back over six years of general company accounting practices that were annually reviewed and approved by Plaintiff's president and principal owner, the company's internal controller and outside accountants. (Decl. Bonarrigo, Ex. A at ¶ 7); (Decl. Peluso, Ex. C, Aff. Julie A. Harrison, ¶¶ 8-9).

Third, the amended complaint continues to incoherently allege that defendant withheld accruals and expenses until the month of December for the purpose of increasing plaintiff's monthly commissions in January to November. (Am. Compl. ¶ 17, 19). Foremost, the allegation that defendant's commissions were "only calculated and based on net profits from January to November" (id. ¶ 15) is a patently false construct designed to support plaintiff's baseless claims that defendant improperly waited until year-end to adjust the company's accruals and expenses for his personal benefit. Defendant's compensation package included, in part, a commission that was payable monthly based on net profit, <u>including</u> the month of December. (Decl. Bonarrigo ¶ 13 & Ex. B, ¶ 7). Any expenses recorded in December decreased defendant's annual based commission. Plaintiff should not be permitted to create a question of fact by concealing facts from the court.

Notwithstanding, plaintiff's conclusory allegations made "upon information and belief"[2] without identifying what expenses were improperly adjusted at year-end and without any non-

---

[2] Following the arguments made in defendant's original motion to dismiss (CEF Doc. 8-3 at p. 6), the factual allegations in plaintiff's amended complaint removed any reference to "upon information and belief." Defendant submits that plaintiff cannot cure its original qualified sworn

7

conclusionary explanation of why the conduct violated generally accepted accounting principles, industry practices or was otherwise wrongful. The foregoing illustrates the lack of specificity in the complaint requiring that defendant speculate as to what constitutes the alleged misconduct.

Moreover, Plaintiff expressly authorized the writing down of expenses at year-end in December. (Decl. Bonarrigo, ¶¶ 10-12 & Ex. A). Such write-downs were submitted, reviewed and approved by the company's controller and accountants. The write-downs resulted in favorable year-end tax benefits to the company's owners. *See id*. at ¶ 12. Now, in hindsight, plaintiff alleges in conclusory fashion that this generally accepted industry accounting practice, which plaintiff had full knowledge of and benefited from, was fraudulent.

Fourth, the vague, speculative and conclusory nature of the complaint is evidenced by plaintiff's simultaneous filing of a complaint in New York State Supreme Court against a different defendant that mirrors the allegations against defendant Nicholas Bonarrigo. (Decl. Peluso, Ex. C). The state court complaint alleges "overpayments in compensation and commissions" (*id.* ¶ 6); "inaccurate, misleading and false" entries on plaintiff's books and records (*id.* ¶ 7) and "inappropriately withheld accruals and expenses to the month of December for each calendar year for 2015, 2016, 2017 and 2018." *Id.* ¶ 9. Plaintiff's "shotgun approach to litigation" fails to comply with Rule 8. *Manbeck v Micka*, 640 F Supp 2d 351, 366, 400 (S.D.N.Y. 2009) ("[T]he complaint … 'sets forth a potpourri of vague and conclusory allegations" via "the sort of 'shotgun pleading' that illustrates ... utter disrespect for Rule 8 [of the Federal Rules of Civil Procedure] ... making it extremely difficult to discern the precise nature of the claim[s].'"); *see also In re Bishop*, 578 B.R. 158, 167 (Bankr. W.D.N.Y. 2017) ("'A shotgun pleading—one in which it is virtually impossible

---

complaint based upon information and belief (i.e., the lack of firsthand knowledge) by simply deleting those words in an unverified amended pleading to bolster the veracity of its factual claims and/or defend itself against claims of making false statements.

to know which allegations of fact are intended to support which claim(s) for relief—does not comply with the standards of Rules 8(a) and 10(b).'"). Similarly, here it is impossible to discern what the plaintiff is alleging against who, when and where.

Furthermore, the defendant in the state court action, Julie A. Harrison, who served as Assistant Controller and then Controller of Mohawk Honda from April 2014 to November 2019, states in an affidavit that:

> If the owner or the outside accountants who reviewed the accounting practices at the company disagreed with the way things were being done, certainly this would have been addressed after 2015 rather than allow it to continue into 2016, 2017, and 2018.
>
> The methods of accounting were discussed, reviewed, and approved by the company's accountants. They were also made at the direction of and reported to the company's President and principal owner, Jeffrey Haraden.

(Decl. Peluso, Ex. D, Aff. Julie A. Harrison, ¶¶ 8-9). Ms. Harrison's affidavit corroborates that Plaintiff's conclusory allegations of fraud are specious claims based on accounting information that fully disclosed, known and approved by Plaintiff.

### B. The Complaint Should be Dismissed for Failure to Plead Sufficient Facts Pursuant to Rule 8

Each cause of action in plaintiff's complaint should also be dismissed for failure to plead sufficient facts pursuant to Fed R. Civ. P. 8. Plaintiff's amended complaint is wholly based on vague, speculative and conclusory allegations devoid of factual context. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Notably, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked

9

assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 US at 678 (quoting *Twombly*, 550 U.S. at 570).

Here, plaintiff's claims offer only "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" which are facially insufficient. *Twombly*, 550 U.S. at 555; *see also Ashcroft,* 556 US at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As set forth above, plaintiff's amended pleading still consists of conclusory allegations repeated as separate causes of action alleging that defendant inflated Mohawk Honda's net profits to increase his commission compensation from 2013-2018 by "carrying" and "holding" certain categories of expenses and write-offs until the month of December. Am. Compl. ¶ 18. These categories, which are exceeding broad, include prepaid taxes, invoices, inventory, commission liabilities, fixed assets, depreciation, payroll and marketable securities. *See id*. Moreover, other than the valuation of used car inventory, defendant was not responsible for bookkeeping or accounting, including such duties as the calculation and recording of payroll, depreciation, fixed assets, prepaid taxes, marketable securities, etc. (Decl. Bonarrigo, ¶ 6). Plaintiff's amended complaint, like its original complaint, continues to be premised on the false claim that defendant's commission was only based on the company's net profits earned from January through November. Am. Compl. ¶ 15. Plaintiff also alleges that defendant received "unexplainable compensation" from 2013-2015 (*id.* at ¶24-25) and "undocumented" expense reimbursements. *Id*. at ¶¶ 26-30. Other than these bald allegations, no supporting facts are proffered. Plaintiff's allegations "are so vague as to fail to give the defendants adequate notice of the claims against them," should be dismissed. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009); *see also Hudson v Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) ("The purpose

of this Rule 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'").

### C. The Amended Complaint Should be Dismissed Because the Alleged Fraud was Disclosed and Known to Plaintiff

The amended complaint should be dismissed because the alleged fraud was disclosed and known to plaintiff. Under New York law, "[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on defendant's misrepresentations." *Stuart Silver Assoc., Inc. v Baco Dev. Corp.*, 245 A.D.2d 96, 98-99 (1st Dep't 1997). Further, "[t]o claim that a business transaction gave rise to a fiduciary relationship, plaintiff must show that defendant had superior expertise or knowledge about some subject and misled plaintiff by false representations concerning that subject." *Id*. at 99. Likewise, an employer who has knowledge of alleged misconduct but continues the employment relationship waives any claim of disloyalty under the faithless servant doctrine. *See e.g., G.K. Alan Assoc., Inc. v Lazzari*, 44 A.D.3d 95, 100 (3d Dep't 2007), *aff'd*, 10 N.Y.3d 941 (2008) ("A principal who condones misconduct on the part of his or her agent may not rely on that misconduct to deprive the agent of compensation."); *Marcella v. ARP Films, Inc.,* 778 F.2d 112, 117 (2d Cir.1985) (employer which "continues to avail itself of [employee's] services" after learning of disloyalty is obligated to compensate employee); *Aramony v United Way of Am.,* 1998 WL 205331 at *8 (S.D.N.Y. Apr. 27, 1998) (same).

Here, the basis for plaintiff's amended complaint against defendant is that a review of Mohawk Honda's books and records over the course of defendant's employment from 2012 to 2018, shows that certain expenses recorded in the month of December should have been recorded in earlier months. Am. Compl. ¶ 16. As a result of this long-standing accounting practice, plaintiff alleges that defendant was overpaid commissions. *See id*. ¶¶ 19-22. Similarly, the amended

11

complaint alleges that a review of the company's books and records show that defendant was similarly paid other "compensation" and "expense reimbursements" to which it now objects. *See id*. ¶¶ 24-30.  Although the amended complaint fails to particularize the alleged expenses and payments, they were admittedly disclosed and recorded on the company's books in 2012, 2013, 2014, 2015, 2016, 2017 and 2018.  The amended complaint then states that in conclusory fashion that "[a]ll of the aforesaid entries and invoiced expenses constituted misrepresentations and concealments of material facts that were justifiably relied upon by Plaintiff …"  *Id*. at ¶ 32.

However, the same information relied upon by plaintiff now was available at all times from 2012-2018 and available through the exercise of ordinary diligence, i.e., review of the company's books and records. *See e.g., HSH Nordbank AG v UBS AG*, 95 A.D.3d 185, 195 (1st Dep't 2012) (dismissing amended complaint alleging fraud for lack of justifiable reliance where information was within plaintiff's knowledge through exercise of ordinary diligence).  As stated in the affidavit of Mohawk Honda's controller, plaintiff's claims are nothing but mere objections, in hindsight, to long-standing accounting methods and practices that were disclosed to and approved by plaintiff and its accountants. (Decl. Peluso, Ex. D, Aff. Julie A. Harrison, ¶¶ 8-9).  Accordingly, plaintiff cannot establish alleged fraud or deceit as a matter of law.

      **D.**      **Dismissal on Statute of Limitations Grounds**

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.,* 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).  Here, the statutes of limitation for plaintiff's claims are six years for fraud (N.Y. CPLR § 213(8)), six years for a faithless servant claim (*Western Electric Co. v Brenner*, 41 N.Y.2d 291, 360 (1977)); three years for conversion (N.Y. CPLR § 214; *Vigilant Ins. Co. of Am. v Hous. Auth.*

of City of El Paso, Tex., 87 N.Y.2d 36, 44 (1995); three years to recovery money for unjust enrichment (*Underground Util., Inc. v. Comptroller of City of New York*, 170 A.D.3d 481, 481 (1st Dep't 2019)); *Ingrami v Rovner*, 45 A.D.3d 806, 808 (2d Dep't 2007)); and three years for breach of fiduciary duty because the "the breach of fiduciary duty and fraud claim are indistinguishable, and thus the fraud claim is merely incidental thereto." *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F.Supp.3d 377, 396 (E.D.N.Y. 2018) ("In order for CPLR § 213(8) to apply, the fraud claim must be 'essential' to the breach of fiduciary duty claim. If the fraud claim is 'incidental,' the shorter [three-year] limitations period applies.") (internal citation omitted); *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009) (same).

Plaintiff's original complaint was filed on August 30, 2019 (Decl. Peluso, Ex. A). The complaint alleges conduct that occurred, without specific dates, in 2012, 2013, 2014, 2015, 2016 2017 and 2018. *See id.* at ¶¶ 15, 24, 40. Accordingly, plaintiff's claims for conversion, unjust enrichment and fiduciary duty related to conduct that occurred three years before the filing of the complaint, i.e., on or before August 30, 2016, should be dismissed. Also, plaintiff's claims for fraud and faithless servant related to conduct that occurred six years before the filing of the complaint, i.e., on or before August 30, 2013, should be dismissed.

### E.     Plaintiff's Unjust Enrichment Claim Should be Dismissed as Duplicative

Plaintiff's unjust enrichment claims should be dismissed as duplicative of its contract and/or tort based claims. *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 791 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."). As explained in *Corsello*, an unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the

13

plaintiff." *Id.* at 790-91.

> Here, plaintiffs allege that [defendant] committed actionable wrongs, by trespassing on or taking their property, and by deceiving them into thinking they were not entitled to compensation. To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects. The unjust enrichment claim should be dismissed.

*Id.* at 791; *see also Spinnato,* 322 F.Supp.3d at 404 ("The Plaintiffs' unjust enrichment claim rehashes and improperly duplicates their fraud claims.")

### F. Plaintiff Breach of Fiduciary Duty Claim Should be Dismissed as Duplicative

#### 1. *Plaintiff's Breach of Fiduciary Duty Claim is Duplicative of its Faithless Servant Claim*

"In New York, 'a cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand.'" *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing Inc.*, 837 F.Supp.2d 162, 196 (S.D.N.Y.2011). Here, plaintiff's faithless servant claim is a contract-based claim. *See, Western Electric. Co. v Brenner*, 41 N.Y.2d 291, 295 (1977) ("The employer-employee relationship is one of contract, express or implied."); *see also Carco Group, Inc. v. Maconachy*, 718 F.3d 72, 84 (2d Cir. 2013) (holding that faithless servant cause of action was a contract rather than tort claim). Accordingly, "[b]ecause any fiduciary duty here would be 'derived directly and exclusively from [defendant's] contractual relationship with [plaintiff],' the [ ] claims are redundant under New York law." *Id.*

#### 2. *Plaintiff's Breach of Fiduciary Duty Claim is Duplicative of its Conversion Claim*

Plaintiff's cause of action for breach of fiduciary duty should also be dismissed as duplicative of its conversion claim. "The cause of action alleging breach of fiduciary duty and the demand for the imposition of a constructive trust were also properly dismissed based on the three-year Statute of Limitations applicable to conversion, because the legal remedy for conversion

would have afforded the plaintiffs full and complete relief." *Gold Sun Shipping Ltd. v. Ionian Transp. Inc.*, 245 A.D.2d 420, 421 (2d Dep't 1997).

## CONCLUSION

For all of the reasons above, the Court should dismiss the Amended Complaint.

Dated: November 22, 2019

                                              */s/ James R. Peluso*
                                              James R. Peluso, Esq.
                                              (Bar Roll # 105634)
                                              DREYER BOYAJIAN LLP
                                              75 Columbia Street
                                              Albany, NY 12210
                                              Telephone: (518) 463-7784

                                              *Attorneys for Defendant*